Dear Mr. Cassidy:
You have requested an opinion of this office regarding funding for the district attorney's office when there is a deficit in the criminal court fund.
Your request states that in your judicial district, the judge's and district attorney's offices pay their respective expenses with office funds and then seek reimbursement from the criminal court fund. You each prepare a letter to the police jury seeking reimbursement for listed expenses and attach supporting documentation of the expenses. The judge signs your letter and you sign off on his letter to indicate approval of the request for reimbursement of the submitted expenses.
During 2010, the district attorney's office paid approximately $300,000 in expenses which were not reimbursed because the criminal court fund had insufficient funds. As a result, the following question has arisen: is the police jury financially and legally responsible for the deficit in the criminal court fund if all of the funds therein have been used to pay the reasonable expenses of the judge's office and district attorney's office in that jurisdiction and the district attorney's office remains underfunded?
It is well settled that pursuant to La.R.S. 16:6, police juries have a mandatory duty to fund the reasonable expenses of the district attorney's office. La.R.S. 16:6 provides:
 The district attorneys of this state, the parish of Orleans excepted, shall be entitled to an expense allowance for salaries of stenographers, clerks and secretaries, and salaries or charges for special officers, investigators and other employees and an expense allowance for stationery forms, telephone, transportation, travel, *Page 2 
postage, hotel and other expenses incurred in the discharge of their official duties.
 The police juries of the various parishes of the state of Louisiana are hereby authorized to pay from their general fund any of the items of expense, as provided for herein, incurred by the several district attorneys of this state when acting in their official capacities.
In Reed v. Washington Parish Police Jury,518 So. 2d 1044 (La. 1988), the Supreme Court of Louisiana found that "because of the importance of the constitutional function performed by the district attorney's office, it is imperative that there be a reliable source of funding to ensure the effective operation of the office." Reed, 518 So. 2d at 1048. The court concluded that a police jury's funding obligation under La.R.S. 16:6 was to be that "reliable source of funding" and held as follows:
 After analyzing the history and language of 16:6, reviewing other available sources of funding and considering practical implications of an alternative construction, we conclude 16:6 creates a mandatory duty on the part of the police jury to fund the 16:6 expenses of the district attorney's office in their entirety. By amending 16:6 to authorize police juries to fund the office, the legislature did not intend to give the police jury discretion to fund the 16:6 expenses. Rather, the legislature directed the police jury to do so. We hold, however, that the police jury's duty to fund the 16:6 expenses is limited by the standard of reasonableness. This limitation comports with traditional interpretations of the doctrine of inherent powers afforded the judicial branch of government and satisfies the system of checks and balances underpinning a republican form of government with its separation of powers. Accordingly, the budget request of the district attorney must be legitimate in that it is related to the function of his office. Also it must be quantitatively reasonable.
Reed, 518 So. 2d at 1049 (emphasis added). In reaching this conclusion, the court examined other sources of funding for district attorney's offices, including the criminal court fund. The criminal court fund was created by La.R.S. 15:571.11 and is composed of fines and forfeitures resulting from violations of state law or parish ordinances. This fund is available to judges, district attorneys and sheriffs. It can be used for a wide range of expenses incurred by criminal courts. La.R.S. 15:571.11 (A)(1)(a), (b). A district attorney may, after obtaining court approval, use revenues from the CCF to defray his 16:6 expenses, as well as other expenses related to his office. With regard to whether the criminal court fund was intended by the legislature as a primary source of funding, the Court stated: *Page 3 
 We do not believe that the legislature could have intended to require the district attorneys of this state to depend on the CCF as the primary source of funds to operate their offices. Instead, we view the CCF, the twelve percent fund, and provisions such as R.S. 16:15 and 16:16 to be nothing more than a recognition by the legislature of the increased cost of operating the district attorney's office. These additional sources were never intended to wrest the primary responsibility for funding the 16:6 expenses from the shoulders of the legislative branch of government.
Characteristics such as discretionary usage, instability of amounts available, allocation among several officers, the need for court approval, negate the availability of these funds as a primary source to insure the basic function of the district attorney will not be impaired. The fact that these alternate funds exist suggests a need for cooperative intergovernmental relations. The lack of such cooperation, and the problems which result, addresses itself to the legislature or to the political arena for resolution.
Reed, 518 So. 2d at 1048-49 (emphasis added). The court made it clear in Reed that the funds a district attorney receives from the criminal court fund do not relieve the police jury of its La.R.S. 16:6 funding obligation.
In La. Atty. Gen. Op. No. 88-242, our office was asked to opine as to whether the criminal court funds retained by a district attorney or sheriff had to be exhausted before the police jury's financial obligations could be enforced. The opinion analyzed La.R.S. 15:571.11 and the Reed decision and determined that "the language of La.R.S. 15:571.11(A)(1)(b) gives the district attorney the authority to use the twelve percent of the fines and forfeitures collected for his office to defray the expenses of his office at his discretion. The statute does not require that these funds be utilized before the police jury is required to pay reasonable funds under R.S. 16:6."
The law and jurisprudence clearly provide that the police jury has the primary responsibility to provide funding for the reasonable expenses of the district attorney's office. The law also provides for additional sources of funding, such as the criminal court fund, for the district attorney's office. The Supreme Court of Louisiana has determined that the "additional sources were never intended to wrest the primary responsibility for funding the 16:6 expenses from the shoulders of the legislative branch of government."Reed, 518 So. 2d at 1048. Therefore, it is the opinion of this office that when there are not sufficient funds in the criminal court fund to reimburse the district attorney for the expenses of his office, the *Page 4 
police jury must provide funds to reimburse the district attorney for those expenses, provided the expenses are determined to be reasonable.[1]
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:_________________________ Lindsey K. Hunter Assistant Attorney General
[1] Reed established a dual test to determine the reasonableness of an expense. First, the expense request must be legitimate in that it is related to the function of the office. Secondly, the expense request must be quantitatively reasonable. La. Atty. Gen. Op. No. 09-0022.